STATE OF NORTH CAROLINA v. WAYNE PRESTON WILLIAMS

No. 7626SC949

(Filed 1 June 1977)

1. **Criminal Law § 101; Constitutional Law § 56— juror asleep — failure to declare mistrial**

    The trial court in an armed robbery case did not err in failing to declare a mistrial on its own motion when the court observed that one of the jurors had fallen asleep, and defendant's conviction did not constitute a conviction by eleven jurors instead of the required twelve.

2. **Criminal Law §§ 66.18, 178— in-court identification — admissibility determined at prior trial — law of the case**

    In this second trial of defendant after his first trial ended in a mistrial, the trial court did not err in accepting the determination of the admissibility of in-court identification testimony made at the first trial and refusing to hold another *voir dire* hearing where defendant was unable to advise the court that he could offer evidence that would be any different from that given at the first hearing.

3. **Criminal Law §§ 66.9, 66.16— photographic identification not impermissibly suggestive — independent origin of in-court identification**

    A photographic identification procedure was not impermissibly suggestive where a robbery victim was shown five photographs of young white persons with long hair on the day after the robbery, no suggestion was made that a suspect was included in the group, all five persons in the photographs looked reasonably similar, and the victim immediately selected a photograph of defendant as the robber; furthermore, the victim's in-court identification of defendant was of independent origin and not tainted by the photographic identification where the record shows that the victim had a good opportunity to observe defendant during the commission of the crime at a night deposit box, the victim's description of the robber fit that of defendant, and the victim recognized defendant as a person who had previously cashed checks at the service station where the victim worked.

APPEAL by defendant from *Barbee, Judge.* Judgment entered 16 June 1976 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 3 May 1977.

Defendant was charged with and convicted of armed robbery. From judgment imposing a twenty-year prison term, defendant appealed.

*Attorney General Edmisten, by Associate Attorney Elisha H. Bunting, Jr., for the State.*

*Public Defender Michael S. Scofield, by Assistant Public Defenders Mark A. Michael and Ann Villier, for defendant appellant.*

VAUGHN, Judge.

[1] Defendant brings forward four assignments of error presented in three arguments. First, defendant contends that the court erred by not declaring a mistrial on its own motion when the court observed that one of the jurors had fallen asleep. The record shows that, during the cross-examination of one of the State's witnesses, the following transpired:

"THE COURT: Will all the Jurors just stand up a minute, please? You can't go to sleep. (One juror had fallen asleep on the back row of the Jury Box.)"

Defendant's counsel then proceeded with cross-examination without so much as suggesting to the court that there was a possibility of prejudice to the defendant.

Defendant now argues that the court, on its own motion, should have declared a mistrial. He argues that the result is that his conviction is a nullity because it amounts to a conviction by eleven jurors instead of the required twelve. *State v. Hudson,* 280 N.C. 74, 185 S.E. 2d 189. The "sleeping juror" had been duly impaneled along with the other eleven and the twelve duly returned a verdict of guilty in open court. Defendant, therefore, was convicted by a jury of twelve as required by law. At trial, defendant did not contend that he was prejudiced and there is nothing in the record to indicate that he was. The judge did not err, therefore, in failing to order a mistrial without the request or consent of defendant.

[2] Defendant's first trial on this charge of armed robbery ended in a mistrial. His second assignment of error is that the trial court erred by denying his motion for a second voir dire hearing on the admissibility of the State's witnesses' in-court identification of defendant. It is his contention that the adop-

tion of the determination of admissibility on this issue, which had been made by another judge after a voir dire hearing had been conducted during the first trial of defendant, was prejudicial to him.

Defendant was unable to advise the court that he could offer evidence that would be any different from that given at the first hearing. It was not necessary, therefore, for the judge to conduct another hearing on the admissibility of the eye-witness testimony of the victim.

[3] Defendant finally assigns as error that the judge failed to find the photographic lineup used by the police in their investigation of this case so unnecessarily suggestive that evidence of the lineup and the subsequent in-court identification of defendant should have been suppressed. Defendant argues that the photographs shown to the witness were so dissimilar as to be unnecessarily suggestive, and under the rule of *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed. 2d 1247, it was error for the trial judge to allow in-court identification of defendant by this witness. According to the doctrine espoused in *Simmons*, when conviction is based upon an eyewitness identification at trial which was preceded by a pretrial photographic identification procedure, the conviction will only be set aside if it is determined that the pretrial identification by photograph was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.

The Supreme Court of North Carolina has set forth the following factors which should be considered in applying the *Simmons* test:

" '(1) The manner in which the pretrial identification was conducted; (2) the witness's prior opportunity to observe the alleged criminal act; (3) the existence of any discrepancies between the defendant's actual description and any description given by the witness before the photographic identification; (4) any previous identification by the witness of some other person; (5) any previous identification of the defendant himself; (6) failure to identify the defendant on a prior occasion; and (7) the lapse of time between the alleged act and the out-of-court identification.' " *State v. Knight*, 282 N.C. 220, 225, 192 S.E. 2d 283.

The eyewitness in the case before us testified that he got out of his car on the night of the robbery near the night deposit

State v. Williams

box and that he first saw defendant standing in front of his car, about seven or eight feet away. He stated that " . . . the lighting was fairly decent. It is not good lighting, but you can see." The witness's car lights were on as were other lights in the bank parking lot and in an adjacent parking lot. There was also a small light above the bank depository.

The witness testified further that he described the robber to the police as having long blonde hair, wire-rimmed glasses and a blonde or light brown mustache. He recalled telling the owner of the gas station on the night of the robbery after the police had completed their investigation at the station, that he had recognized the robber as a person who had been in the station before and for whom he had cashed checks which had been returned by the bank because of insufficient funds.

The day after the robbery, the police showed the eyewitness five photographs. No suggestion was made that a police suspect was included in the group. All of the photographs were of young, white persons with long hair. All five individuals in the photographs looked reasonably similar. The witness immediately and without hesitation selected the third photograph he viewed as being that of the person who robbed him and that photograph was that of defendant.

The record thus reveals that this eyewitness had a good opportunity to observe defendant during the commission of the crime and recognized defendant as a person who he had seen at the station before. His photographic identification of defendant was immediate, spontaneous and unwaivering. He never made previous or subsequent identifications of any other persons as being the robber that he had observed during the commission of the robbery. The judge properly concluded, therefore, that the pretrial photographic identification procedure was properly conducted, was not impermissibly suggestive and that the in-court identification of defendant was based on the witness's observation of defendant at the scene of the crime. Defendant's assignment of error is overruled.

No error.

Chief Judge BROCK and Judge CLARK concur.